UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PARS EQUALITY CENTER, et al.,              )
                                           )
                Plaintiffs,                )
                                           )
        v.                                 )        Civil Action No. 24-3169 (PLF)
                                           )
MARCO A. RUBIO,[1]                         )
Secretary of State, et al.,                )
                                           )
                Defendants.                )
                                           )

## MEMORANDUM OPINION AND ORDER

On December 10, 2024, defendants moved to dismiss plaintiffs' Complaint for
Declaratory and Injunctive Relief and Petition for Writ of Mandamus ("Compl.") [Dkt. No. 1].
See Defendants' Motion to Dismiss [Dkt. No. 40]. Defendants' motion has been fully briefed
and is now ripe for decision. See Plaintiffs' Opposition to Defendants' Motion to Dismiss
[Dkt. No. 41]; Defendants' Reply in Further Support of Their Motion to Dismiss [Dkt. No. 42].[2]

Plaintiffs allege that a consular officer interviewed plaintiff Seyed Sadati, refused
his visa pursuant to Section 221(g) of the Immigration and Nationality Act ("INA"), 8 U.S.C.
§ 1201(g), and placed his application in "administrative processing." See Compl. ¶¶ 53, 54.
Plaintiffs now challenge defendants' failure to finally adjudicate Mr. Sadati's application within

---

[1]    Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Marco A. Rubio,
current U.S. Secretary of State, and Stuart R. Wilson, current Deputy Assistant Secretary for
Visa Services, are "automatically substituted" as parties to this litigation.

[2]    There are only two remaining plaintiffs in this case: Mona Sadat Sadati and
Seyed Ghasem Sadati. See Plaintiffs' Notice of Voluntary Dismissal [Dkt. No. 43].

a reasonable time, and allege causes of action arising under the APA, 5 U.S.C. §§ 706(1), 706(2), 555(b), and the Mandamus Act, 28 U.S.C. § 1361. See Compl. ¶¶ 160-227.

In two recent opinions, this Court rejected visa applicants' materially identical claims under the APA and the Mandamus Act, finding that the Court lacks jurisdiction to compel the government to further adjudicate a visa application after the visa has been officially "refused" pursuant to Section 221(g) of the INA. See Datta v. Rubio ("Datta"), Civil Action No. 24-2937 (PLF), 2025 WL 752643 (D.D.C. Mar. 10, 2025); Robles Hurtado v. Foley ("Hurtado"), Civil Action No. 24-3270 (PLF), 2025 WL 2757557 (D.D.C. Sept. 29, 2025). The Court's rulings in Datta and Hurtado are dispositive of plaintiffs' claims. The Court therefore will grant defendants' motion to dismiss. Accordingly, it is hereby

ORDERED that defendants' Motion to Dismiss [Dkt. No. 40] is GRANTED; it is

FURTHER ORDERED that plaintiffs' Complaint for Declaratory and Injunctive Relief and Petition for Writ of Mandamus [Dkt. No. 1] is DISMISSED; and it is

FURTHER ORDERED that this case is DISMISSED WITHOUT PREJUDICE pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

This is a final appealable order. See FED. R. APP. P. 4(a). An Opinion consistent with this Order will follow in due course.

SO ORDERED.

PAUL L. FRIEDMAN
United States District Judge

DATE: 9|30|25

2